## Leininger's Liquor License Application.

*Liquor law—Application for license—Act of May 5, 1921.*

1. Under the Amendment of 1921, P. L. 407, to the Brooks High License Law, two questions must be considered by the court, the fitness of the applicant and the fitness of the place.

2. The fitness of the place embraces more than the fitness of the building. The surroundings and everything that has a bearing upon the fitness of the place for the purpose as considered from a community standpoint should be considered.

3. The fact that the prior holder of the license has violated the law will also be considered in passing on the application.

Application for license to sell liquor. Q. S. Lebanon Co., Jan. Sess., 1922, No. 8.

*Clarence D. Becker,* for applicant.

HENRY, P. J., Jan. 16, 1922.—The petitioner has asked for a license to sell liquor under the Brooks High License Law and its Amendment of 1921. Under this amendment, the power of the court in the matter of granting licenses has been greatly restricted, and the two questions for the court's decision are the fitness of the applicant and the fitness of the place.

This applicant comes before the court with the strongest recommendations. He has had experience. He has strong endorsement and recommendation from people of the highest standing in the community, as well as from those in communities in which he has lived heretofore. The building is adapted for all the needs of a place of this character at this location, but, we take it, the fitness of the place embraces more than the mere fitness of the building. The surroundings and everything that may have a bearing upon the fitness of the place for the purpose, as considered from a community standpoint, should be considered. This house is within half a square, or possibly a few feet more, of three churches, and the Perseverance Fire Engine House is next door. The house is not large, cannot accommodate many hotel guests, and there cannot be any great demand for any accommodation of this character; but the proximity of this fire-engine house, considered in connection with high-powered motor fire apparatus and the poison now frequently sold as liquor, make a place of this kind a public menace if conducted in violation of law, and all this is strongly controlling in passing upon the fitness of this place for the license requested. Another consideration is the fact that the prior holder of the license has violated the law. The disposition of this court will be to refuse to relicense such places as have lost the privilege by reason of violation of the law. This is not to be a hard and fast rule, for there may be exceptions, but they will only be in such cases where the public interest outweighs that of the individual applicant and the individual owner. For these considerations, the court must adjudge this place not a fit and proper place for a license to sell liquor.

And now, to wit, Jan. 16, 1922, the application for a license is hereby refused.

From Dawson W. Light, Lebanon, Pa.